UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00116-TBR

BILLY J. JACKSON                                                       Plaintiff

v.

JEFFREY LAWAN RENFROW                             Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Billy J. Jackson's Renewed Motion for Judgment on the Pleadings. (Docket No. 38.) Defendant Jeffrey Lawan Renfrow has not responded directly to Plaintiff's Motion, and the time to do so now has passed. Also pending before the Court are Defendant's letter of April 6, 2014, (Docket No. 41), which the Court construes as a Motion to Exclude the Howard Renfrow Probate Documents, (Docket No. 34), and Defendant's letter of April 7, 2014, (Docket No. 42), which the Court construes as a Motion to Exclude the Affidavit of Dr. Charles Ihrig. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings, (Docket No. 38), will be GRANTED, and Defendant's Motions to Exclude, (Docket Nos. 41 & 42), will be DENIED.

BACKGROUND

Plaintiff filed this diversity action on July 28, 2013, seeking damages arising out of the child sexual assault and abuse committed against him by Defendant between 2005 and 2010. (Docket No. 1.) The record reflects that on August 31, 2010, Defendant was indicted by a Butler County grand jury on fifty-three criminal counts, including first degree sexual abuse, first degree sodomy, first degree unlawful

transaction with a minor under sixteen years of age, and incest with forcible compulsion. (Docket No. 35-1, at 2-12.) The record further reflects that in December 2011, Defendant pleaded guilty to three counts of second degree sodomy and three counts of first degree sexual abuse. (Docket No. 35-1, at 13-15.) The Butler Circuit Court entered a judgment against Defendant finding him guilty of these charges and sentenced him to thirty years in prison. (Docket No. 35-1, at 17-21.) Defendant presently is incarcerated at the Luther Luckett Correctional Complex in La Grange, Kentucky.

STANDARD

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are adjudicated using the same standard as motions to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Thus, "[a] Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)). Finally, because jurisdiction in this case is based

on diversity of citizenship, the substantive law of Kentucky is applicable here pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See id.* (citing *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)).

## DISCUSSION

This action for damages arising out of child sexual abuse is based on Ky. Rev. Stat. § 413.249(2)(c), which provides a civil cause of action for injury suffered as a result of childhood sexual abuse or childhood sexual assault. In his instant Motion, Plaintiff argues that he is entitled to judgment against Defendant as a matter of law based on the doctrine of offensive collateral estoppel.

Though Defendant has not responded directly to Plaintiff's Motion, he has moved to preclude the use of his criminal conviction in this action. (*See* Docket No. 41, at 1.) In this regard, Defendant argues: "As to my 'Criminal Plea Deal,' I have already been judge [sic] in that matter. If used I feel that I'm being judge [sic] again for something that is all ready [sic] complete. I was given time on this matter and this matter [sic], and it's [sic] should not be used in this Civil Action." (Docket No. 41, at 1.) The Court reads Defendant's argument as arguing that it would be unfair to allow the use of collateral estoppel in this action.

"Collateral estoppel is designed to protect parties from multiple lawsuits and potentially inconsistent decisions, as well as to conserve judicial resources." *Harvis v. Roadway Express, Inc.*, 973 F.2d 490, 495 (6th Cir. 1992). This Court previously has acknowledged that "[b]oth Kentucky courts and the federal judiciary recognize the doctrine of offensive collateral estoppel." *Westport Ins. Corp. v. Mudd*, 2010 WL

4638760, at *3 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-27 (1979); *May v. Oldfield*, 698 F. Supp. 124, 126-27 (E.D. Ky. 1988); *City of Covington v. Bd. of Trs. of Policemen's & Firefighters' Retirement Fund of City of Covington*, 903 S.W.2d 517, 521-22 (Ky. 1995)). The "offensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery*, 439 U.S. at 326 n.4. This doctrine has been used to preclude the litigation of an issue in a civil action that has already been addressed in an associated criminal case. *See Mudd*, 2010 WL 4638760, at *3 (referencing, *e.g.*, *Zack v. Comm'r of Internal Revenue*, 291 F.3d 407, 415 (6th Cir. 2002); *May*, 698 F. Supp. at 126-27; *Caudill v. Carpenter*, 2008 WL 4683223, at *3-4 (Ky. Ct. App. Oct. 24, 2008)). Trial courts have broad discretion to determine when the doctrine should be applied. *Parklane Hosiery*, 439 U.S. at 331.

Offensive collateral estoppel may be applied to bar litigation of an issue only when four basic criteria are met: (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009) (citing *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987)). However, even when these requirements are met, "a trial judge should not allow the use of offensive collateral estoppel" when "the application of offensive estoppel would be unfair to a defendant." *Patrick v. S. Cent. Bell Tel. Co.*, 641 F.2d 1192, 1199 (6th Cir.

1980) (quoting *Parklane Hosiery*, 439 U.S. at 331); *see also Cobbins*, 566 F.3d at 590. Factors counseling caution in applying the doctrine include: (1) where certain procedures were not available to a party in the prior action; (2) if a party litigated the prior action in an inconvenient forum; (3) whether the current plaintiff could have been joined in the prior action; (4) whether the party against whom estoppel is being asserted lacked the incentive to litigate in the prior action; (5) if the party against whom collateral estoppel is sought had a full and fair opportunity to litigate the prior action; and (6) if there exists any reasons for unfairness in applying collateral estoppel. *Mudd*, 2010 WL 4638760, at *3 (citing *May*, 698 F. Supp. at 126) (referencing *Parklane Hosiery*, 439 U.S. at 331-32).

Here, the underlying criminal action was brought by the Commonwealth of Kentucky. By its very nature, a private plaintiff is never allowed to join as a party in a criminal action. Defendant faced a multitude of serious criminal charges in the underlying case and, had he been convicted on all fifty three charges, could have received a prison sentence that would, in effect, amount to life imprisonment. Thus, Defendant, who was then represented by counsel, certainly had a strong incentive to defend himself in that action. The procedural distinctions between the underlying criminal action and this action are minimal—indeed, had the criminal charges been proven beyond a reasonable doubt, as they must be, that higher standard would certainly satisfy the preponderance-of-the-evidence standard required here. The precise issue in both the underlying criminal case and in this case is whether Defendant sexually assaulted and abused Plaintiff. Defendant admitted that he had done so by pleading guilty, and the Butler Circuit Court formally recognized that admission. The purpose of

the criminal action was to determine whether Defendant was guilty of those allegations, and this determination was obviously crucial to the outcome of that case. The criminal action resulted in a full judgment on the merits. Defendant was then represented by counsel, and there is nothing to suggest he had anything other than a full and fair opportunity to litigate the issues in that case. Defendant had the constitutional rights not to plead guilty and to have a trial by an impartial jury in which the Commonwealth would have had the burden of proving each element of each charged offense. Defendant expressly acknowledged and waived those rights through his plea agreement and guilty plea. (*See* Docket No. 35-1, at 13-14.)

Therefore, the Court is satisfied that Plaintiff is entitled to the application of collateral estoppel here. To the extent Defendant argues it would be unfair to permit the use of offensive collateral estoppel here, (*see* Docket No. 41, at 1), his argument is unavailing in light of the above discussion. Accordingly, because Defendant's underlying criminal conviction forecloses his litigation of the issue of liability in this action, Plaintiff's Motion for Judgment on the Pleadings, (Docket No. 38), will be GRANTED.

Plaintiff's Complaint also includes a claim for punitive damages. Kentucky Revised Statutes § 411.184(2) provides that punitive damages may be awarded upon a plaintiff's showing by clear and convincing evidence that the defendant acted toward him with either oppression or malice. "Oppression" is defined in the statute as "conduct which is specifically intended by the defendant to subject the plaintiff to cruel and unjust hardship." § 411.184(1)(a). "Malice," according to the Kentucky Supreme Court, "may be characterized as intentionally cruel and unjust or intentionally injurious

behavior." *Bowling Green Mun. Utils. v. Atmos Energy Co.*, 989 S.W.2d 577, 580 (Ky. 1999). The Kentucky Court further advises that malice "may be implied from outrageous conduct, and need not be expressed so long as the conduct is sufficient to evidence conscious wrongdoing." *Id.* at 580-81 (quoting *Fowler v. Mantooth, Ky.*, 683 S.W.2d 250, 252 (1984)). Plaintiff's Complaint alleges that Defendant's actions were intentional, were intended to subject him to cruel and unjust hardship, and were carried out with a flagrant indifference to his rights. Plaintiff also alleges that Defendant's actions were outrageous in that they were carried out and concealed over a period of nearly five years. Defendant has not contested the truth of these allegations—in fact, at Docket No. 32, Defendant acknowledged his conviction and asked the Court to proceed with judgment against him. Defendant's admissions and criminal conviction are sufficient to justify an award of punitive damages and a damages hearing. The issue of the amount of any damages is best reserved for a damages hearing.

Of final note, Defendant's Motion to Exclude the Howard Renfrow Probate Documents, (Docket No. 41), and Motion to Exclude the Affidavit of Dr. Charles Ihrig, (Docket No. 42), have no relevance to the issues presently before the Court. As to the former, Plaintiff filed the Howard Renfrow Probate Documents in response to Defendant's assertion that he lacked the ability to pay any judgment entered against him. (*See* Docket Nos. 32, at 1; 33, at 2.) Defendant's ability to satisfy any judgment entered against him is not relevant to the Court's adjudication of Plaintiff's Motion for Judgment on the Pleadings. As to the latter, Defendant moves the Court to exclude the affidavit of Dr. Ihrig, in which Dr. Ihrig apparently offers an estimate of Plaintiff's future expenses. In this regard, Defendant argues: "How can you ask for future

expenses. Not knowing if Plaintiff will go to the Doctor. If the Plaintiff even needs to go in the future. So I ask the Court to not use the affidavit in which Dr. Charles Ihrig states that Plaintiff needs. It's just a person stateing [sic] an estimate that no one knows." (Docket No. 42, at 1.) As best the Court can tell, the affidavit to which Defendant refers does not appear in the record. Regardless, the issue of the amount of any damages is not presently before the Court, nor is any opinion by Dr. Ihrig relevant to the adjudication of Plaintiff's instant Motion. For these reasons, Defendant's Motions to Exclude, (Docket Nos. 41 & 42), each will be DENIED at this time.

## CONCLUSION

Accordingly, for the foregoing reasons, having considered Plaintiff's Motion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff Billy Jackson's Renewed Motion for Judgment on the Pleadings, (Docket No. 38), is GRANTED, and Defendant's Motions to Exclude, (Docket Nos. 41 & 42), are DENIED.

IT IS HEREBY FURTHER ORDERED that this matter is scheduled for an **in-person hearing in Bowling Green, Kentucky, on July 1, 2014, at 1:00 p.m. (CDT)** to hear testimony and evidence for the purpose of assessing Plaintiff's damages. Any expert whose opinion will be offered on the issue of damages shall be identified in compliance with Fed. R. Civ. P. 26(a)(2) **no later than May 30, 2014**.

IT IS SO ORDERED.

Date:

cc: Counsel for Plaintiff
Jeffrey Lawan Renfrow, *pro se*