UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-116-TBR

BILLY J. JACKSON                                                                                   PLAINTIFF

v.

JEFFREY LAWAN RENFROW                                          DEFENDANT

**MEMORANDUM OPINION**

On April 16, 2014, the Court entered judgment on the pleadings on liability against Defendant Jeffrey Lawan Renfrow (Docket #43) and scheduled a hearing to assess Plaintiff's damages. (Docket #43, 51). A hearing was held in this matter in Bowling Green, Kentucky on October 8, 2014. (Docket #51). Plaintiff attended the hearing in person and was represented by Thomas H. West. Defendant Jeffrey Lawan Renfrow attended telephonically. Terri Turner, official court reporter, recorded the proceedings. These Findings of fact and Conclusions of Law will address the issues of damages. A separate Order and Judgment reflecting the Court's findings and conclusions will issue contemporaneously.

FINDINGS OF FACT

Plaintiff filed this diversity action on July 28, 2013, seeking damages arising out of the child sexual assault and abuse committed against him by Defendant between 2005 and 2010. (Docket #1). The record reflects that on August 31, 2010, Defendant was indicted by a Butler County grand jury on fifty-three criminal counts, including first degree sexual abuse, first degree sodomy, first degree unlawful transaction with a minor under sixteen years of age, and incest with forcible compulsion. (Docket # 35-1 at 2-12). The record further reflects that in December

2011, Defendant pleaded guilty to three counts of second degree sodomy and three counts of first degree sexual abuse. (Docket #35-1 at 13-15.) The Butler Circuit Court entered a judgment against Defendant finding him guilty of these charges and sentenced him to thirty years in prison. (Docket # 35-1 at 17-21.) Defendant presently is incarcerated at the Luther Luckett Correctional Complex in La Grange, Kentucky.

Plaintiff filed a motion for judgment on the pleadings, which this Court has granted. (Docket #41). The Court ordered a hearing to be held on October 8, 2014 to hear evidence and assess Plaintiff's damages. Dr. Charles Ihrig, a licensed psychologist, testified as an expert witness. Plaintiff's mother April West, Plaintiff, and Defendant also testified.

Dr. Ihrig is a paid expert hired by Plaintiff to provide a psychological evaluation of Plaintiff. Dr. Ihrig interviewed Plaintiff and performed several tests on him, ultimately diagnosing Plaintiff with Post-Traumatic Stress Disorder and Dysthymia (chronic depression) resulting from a history of child sexual abuse. Dr. Ihrig testified that these disorders are highly impairing, difficult to treat, and may persist for an indefinite period of time. Dr. Ihrig recommended that Plaintiff receive at least five years of therapy, which would cost approximately $26,000 to $46,800.

Plaintiff's mother April West adopted Plaintiff when he was eight years old. West later discovered that Plaintiff had been abused and neglected while in foster care. West adopted Plaintiff along with her first husband, who died from lung cancer in 2004. Thereafter, West began dating Defendant and the two were married in November, 2005. West testified that Defendant first sexually abused Plaintiff on the night before the wedding, a fact which West only discovered years later. West gave examples of how Plaintiff and Defendant would violently argue over the next four and one-half years. West also stated that Plaintiff was often angry and

had problems with authority. West explained that while Plaintiff had been tested as having intelligence on the low end of average, he nonetheless excelled in school and was on the college curriculum in high school. West credited Defendant with motivating Plaintiff to perform well in school. However, West stated that after Defendant's sexual abuse became public, Plaintiff was taunted and bullied in school and his performance swiftly declined, including failing one class. West claimed that Defendant discouraged Plaintiff's relationships with girlfriends and obstructed Plaintiff from doing normal teenage activities. West also explained how Plaintiff has had difficulty maintaining jobs, in part because of Plaintiff's aversion to authority figures.

Plaintiff testified that Defendant sexually abused Plaintiff approximately ten times a week through inappropriate comments and sexual contact. Plaintiff testified that prior to the sexual abuse, Plaintiff had considered Defendant his closest friend and had called Defendant his brother. Plaintiff did not expose the sexual abuse earlier because he was told by a doctor that he would be taken from his mother and placed back in foster care. Plaintiff claims the sexual abuse now makes it difficult for him to be intimate with his wife. Plaintiff has difficulty at his job, where he is required to transport health care patients and is sometimes required to give them baths. Plaintiff stated that Dr. Ihrig was paid $2,500 for his services. Plaintiff requested $2.5 million dollars for therapy, medication, and the emotional trauma he suffered.

In his cross-examination of witnesses and in his own testimony, Defendant focused on Plaintiff's emotional issues stemming from five years spent in foster care and the abuse he experienced during that time. Defendant admitted that he sexually abused Plaintiff but minimized the number of instances and expressed concern that he was being asked to pay for all of Plaintiff's future therapy, which would include therapy for Plaintiff's difficult childhood. Defendant also probed into the fee arrangement between Plaintiff and his attorney, who was

3

West's new husband. Plaintiff confirmed that his attorney is receiving only costs and fees and no percentage of any recovery that Plaintiff receives.

CONCLUSION OF LAW

**I.     Emotional Damages and Future Medical Expenses.**

Ky. Rev. Stat. § 413.249(2)(c) provides a civil cause of action for injury suffered as a result of childhood sexual abuse or childhood sexual assault. An award of damages for mental suffering and "humiliation" may be proper, even in the absence of physical pain. *Wilson v. Redken Laboratories, Inc.*, 562 S.W.2d 633, 636 (Ky. 1978). Future medical expenses are also recoverable, even though they may be difficult to determine "with mathematical precision." *Hensley v. National Engineering & Contracting Co.*, 1990 U.S. Dist. LEXIS 1665 *4 (E.D. Ky. 1990).

Defendant admits that he sexually abused Plaintiff over a span of four and one-half years. Plaintiff has been diagnosed with Post-Traumatic Stress Disorder and Dysthymia (chronic depression) resulting from this abuse. The testimony establishes that in all facets of Plaintiffs life – school, work, family, marriage – he has suffered severe and persistent emotional distress. Accordingly, this Court awards Plaintiff $850,000 in compensatory damages for emotional suffering. Plaintiff is also awarded $46,800 for future medical treatment.

**II.    Punitive Damages.**

Kentucky Revised Statutes § 411.184(2) provides that punitive damages may be awarded upon a plaintiff's showing by clear and convincing evidence that the defendant acted toward him with either oppression or malice. "Oppression" is defined in the statute as "conduct which is specifically intended by the defendant to subject the plaintiff to cruel and unjust hardship." § 411.184(1)(a). "Malice," according to the Kentucky Supreme Court, "may be characterized as

intentionally cruel and unjust or intentionally injurious behavior." *Bowling Green Mun. Utils. v. Atmos Energy Co.*, 989 S.W.2d 577, 580 (Ky. 1999). The Kentucky Court further advises that malice "may be implied from outrageous conduct, and need not be expressed so long as the conduct is sufficient to evidence conscious wrongdoing." *Id*. at 580-81 (*quoting Fowler v. Mantooth, Ky.*, 683 S.W.2d 250, 252 (1984)).

Plaintiff is entitled to punitive damages as Defendant's actions were malicious and oppressive. Subjecting a minor child to years of sexual abuse is both cruel and intentionally injurious. Ky. Rev. Stat. § 411.184(2). Once punitive damages are awarded, Kentucky Revised Statutes § 411.186 provides five factors to consider in determining the amount: (a) the likelihood serious harm would occur; (b) the defendant's awareness of that likelihood; "(c) The profitability of the misconduct to the defendant; (d) The duration of the misconduct and any concealment of it by the defendant; and (e) Any actions by the defendant to remedy the misconduct once it became known to the defendant." Ky. Rev. Stat. § 411.186; *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 412 (Ky. 1998) ("In Kentucky, the assessment of punitive damages requires consideration of not only the nature of the defendant's act, but also the extent of the harm resulting to the plaintiff").

Defendant was certain that serious harm would occur. He admitted that he sexually abused Plaintiff for his own pleasure. This sexual abuse occurred over an extended period of time, prolonged by Defendants' concealment of his actions and his efforts to prevent Plaintiff from seeking help. The Court heard no testimony that Defendant made an effort to remedy his misconduct once it was revealed. Conversely, the Court heard extensive testimony on Plaintiff's emotional suffering and the long-lasting impact Defendant's sexual abuse has caused. Accordingly, this Court awards Plaintiff $1,000,000 in punitive damages.

CONCLUSION

For the foregoing reasons, the Court awards Plaintiff damages in the amount of $1,896,800.

A final and appealable judgment shall issue.



cc:    counsel of record

       Jeffery Lawan Renfro
       250799
       Luther Luckett Correctional Complex
       PO Box 6
       LaGrange, Ky 40031